IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF/RESPONDENT

V.                                      Criminal No. 2:04-20045
                                        Civil No. 2:15-2144

DOUGLAS LEON HARKREADER                                        DEFENDANT/PETITIONER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct a Sentence

by a Federal Prisoner, Pursuant to Title 28 U.S.C. § 2255(f)(3) Based on a New and Intervening

Change in the Statutory Interpretation of Existing Law, Title 28 U.S.C. § 2255(e) Rules 5 and 59(e)

of the Federal Rules of Civil Procedure Based in Part on the Recent Supreme Court Decision in

*Johnson v. United States* (Doc. 53).  Also before the Court are the United States' Response (Doc.

59) and Petitioner's Reply (Doc. 60).  The matter is ready for Report and Recommendation.

## I.  Background

On August 18, 2004, Douglas Leon Harkreader ("Harkreader") was named in a four-count

Indictment (Doc. 1) charging him with possessing firearms while previously being convicted of a

crime punishable by imprisonment in excess of one year, in violation of 18 U.S.C. § 922(g)(1).

Harkreader entered pleas of not guilty to each count and proceeded to a jury trial on October 19,

2004.  (Doc. 34)  Prior to the commencement of the trial, the Government dismissed Counts Three

and Four but advised the Court and Harkreader it would continue to seek an enhanced penalty of no

less than 15 years imprisonment on Counts One and Two pursuant to the Armed Career Criminal

Act (ACCA), 18 U.S.C. § 924(e).  On October 19, 2004, a jury found Harkreader guilty of both

counts.  (Doc. 35)

Harkreader brings the current § 2255 petition, asserting that the recent United States Supreme Court decision in *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), in which the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process, applies to his case.

## II. Discussion

"A prisoner in custody under sentence...claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Petitioner contends the recent United States Supreme Court decision in *Johnson*, in which the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process, is applicable to his case.  The Government responded to Harkreader's petition contending it is time-barred under 28 U.S.C. § 2255(f)(1).

Alternatively, the Government concedes the Court could find Harkreader's motion was timely filed if it concludes that *Johnson* applies retroactively to Harkreader's case. The Government contends, however, that the issue is moot as *Johnson* does not provide relief to Harkreader under 18 U.S.C. § 924(e).

Subsequent to the filing of Harkreader's petition, the Government's response and Harkreader's reply, the Supreme Court decided the issue of whether its holding in *Johnson* should apply retroactively to cases on collateral review. On April 18, 2016, in *Welch v. United States*, 578 U.S. ___ (2016), the Supreme Court held that *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. A thorough review of Harkreader's Motion and the files and records of this case conclusively shows, however, that Harkreader is not entitled to relief, and the undersigned recommends the denial and dismissal of his Motion with prejudice without an evidentiary hearing.

### A.  Timeliness

At Harkreader's sentencing hearing on April 12, 2005, the Honorable Robert T. Dawson found the ACCA applied as Harkreader had three prior serious drug offenses in case number CR-89-12 from Johnson County, Arkansas, therefore, he was subject to a mandatory fifteen (15) year minimum imprisonment sentence pursuant to 18 U.S.C. § 924(e)(1) & (2)(A)(ii). (Docs. 40-42) Harkreader filed a timely notice of appeal on April 26, 2005. (Doc. 43) The Eighth Circuit Court of Appeals affirmed the District Court's decision (Docs. 49-50), and the U.S. Supreme Court denied Harkreader's petition for writ of certiorari on June 26, 2006. (Doc. 52)

A one year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on

which the impediment to making a motion created by governmental action in violation of the

Constitution or laws of the United States is removed, if the movant was prevented from making a

motion by such governmental action; (3) the date on which the right asserted was initially recognized

by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting

the claim or claims presented could have been discovered through the exercise of due diligence. 28

U.S.C. § 2255(f).

The operative date in this case is "the date on which the judgment of conviction becomes

final." Harkreader's conviction became final on June 26, 2006, when the Supreme Court denied his

Petition for a Writ of Certiorari. *Harkreader v. United States*, 548 U.S. 918 (2006) ("Petition for

writ of certiorari to the United States Court of Appeals for the Eighth Circuit denied.") As a result,

the one-year period of limitations under § 2255 expired on June 26, 2007. The instant motion was

signed by Harkreader on July 23, 2015, making it time-barred under 28 U.S.C. § 2255(f)(1).

**B. Retroactivity**

The Government acknowledges that the Court could find Harkreader's petition timely

pursuant to 28 U.S.C. § 2255(f)(3) if it determined that *Johnson* was retroactive. As previously

stated, on April 18, 2016, in *Welch*, the Supreme Court held that *Johnson* announced a new

substantive rule that has retroactive effect in cases on collateral review. *Welch* is inapplicable to the

instant case, however, as Harkreader's sentence was not determined under the ACCA's residual

clause, found at 18 U.S.C. § 924(e)(2)(B)(ii), which the Supreme Court in *Johnson* found

unconstitutional as it violated due process. Instead, Harkreader's sentence was determined under

the "serious drug offense" provision codified at 18 U.S.C. § 924(e)(2)(A)(ii) which was not

challenged in *Johnson*. *See Gause v. United States*, 2016 WL 775298, *2 (D.S.C. 2016) (*Johnson* involved the constitutionality of the residual clause of the Armed Career Criminal Act, not felony drug convictions). Accordingly, the *Welch* and *Johnson* decisions neither make Harkreader's petition timely under 28 U.S.C. 2255(f)(3), nor would they provide Harkreader with the relief he seeks even if they were applicable.

### C. No Evidentiary Hearing is Warranted

A petitioner is entitled to an evidentiary hearing on a habeas motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005) (citing 28 U.S.C. § 2255). No evidentiary hearing is required, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007); *Anjulo-Lopez v. U.S.*, 541 F.3d 814, 817 (8th Cir. 2008). Those are the circumstances in this case. Resolution of Harkreader's claims can be accomplished by reviewing the record and applicable law. A thorough review of Harkreader's § 2255 Motion, the files and records of this case, and applicable law, shows that Harkreader is entitled to no relief. The undersigned recommends the summary dismissal of Harkreader's § 2255 Motion without an evidentiary hearing.

### D. No Certificate of Appealability is Warranted

A Certificate of Appealability may issue under 28 U.S.C. § 2253 only if the applicant has made a substantial showing of the denial of a constitutional right. A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present. *See Slack v. McDaniel*, 529

U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In the present case, and for the reasons stated above, the undersigned finds that there is no substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

### III.  Conclusion

Fort the reasons and upon the authorities discussed above, Harkreader's claims are unsupported by the record in this case.  I recommend that Harkreader's Motion, filed under 28 U.S.C. § 2255, be DISMISSED WITH PREJUDICE.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of May 2016.

/s/  *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE